

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,008

**EX PARTE RICKY EUGENE JACKSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10CR3044 IN THE 56th DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to eight years' imprisonment. The Applicant did not appeal his conviction.

Applicant contends that his due process rights were violated because a forensic scientist did not follow accepted standards when analyzing evidence and therefore the results of his analyses are unreliable. A Department of Public Safety report shows that the lab technician who was solely responsible for testing the evidence in this case is the scientist found to have committed misconduct.

While there is evidence remaining that is available to retest in this case, that evidence was in the custody of the lab technician in question. This Court believes his actions are not reliable; therefore custody was compromised, resulting in a due process violation. Applicant is therefore entitled to relief.

Relief is granted. The judgment in Cause No. 10CR3044 in the 56th District Court of Galveston County is set aside, and Applicant is remanded to the custody of the Sheriff of Galveston County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 27, 2013
Do not publish